UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-080-TAV-HBG |
| | ) | |
| JEFFERY J. HUGHETT, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral order of the District Judge [Doc. 47]. Before the Court is Defendant's pro se motion requesting a judicial recommendation regarding his placement in a halfway house. [Doc. 46].

First, Defendant requests to be brought "back to Court" to "file [insufficient] counsel," claiming that his attorney will not respond to his calls. [*Id.*]. Defendant was previously sentenced to 188 months imprisonment followed by five years of supervised release on November 13, 2009. [Doc. 23]. On June 18, 2014, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255 and *Descamps v. United States*, 133 S. Ct. 2276 (2013), while represented by the Federal Defender Services of Eastern Tennessee, Inc., requesting that the Court re-sentence him without an Armed Career Criminal Act sentence enhancement. [Doc. 24]. The Court granted Defendant's § 2255 motion on August 24, 2017 [Doc. 32], and on October 11, 2017, sentenced him to a period of time served followed by three years of supervised release [Doc. 36]. However, Defendant's probation was revoked on October 30, 2019, and he was sentenced to a period of nine months imprisonment with twenty months of supervised release to follow. [Doc. 45]. Therefore, although

Defendant claims that defense counsel has failed to answer his phone calls, the Court has already granted Defendant's § 2255 motion, and subsequently entered an agreed order of revocation [Doc. 45], and Defendant does not have a constitutional right to be represented by counsel following his conviction and sentencing. *See Cable v. Carlton*, No. 3:09-CV-399, 2010 WL 3883438, at *4 (E.D. Tenn. Sept. 29, 2010) ("Ineffective assistance of counsel, however, cannot violate the constitution where there is no Sixth Amendment right to counsel, *Wainwright v. Torna,* 455 U.S. 586, 587–88 (1982), and a post-conviction petitioner has no constitutional right to counsel. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987).").

Defendant also requests for the Court to order that he be placed in a halfway house in order to obtain assistance finding employment and entering a drug rehab program. Defendant seeks to be placed in a halfway house for up to five months following his release.

Halfway house placement and home confinement under the Second Chance Act, 18 U.S.C. § 3624(c), are matters within the discretion of the Bureau of Prisons ("BOP"), to be determined on an individual basis upon consideration of several factors including "any statement by the court that imposed the sentence. . . ." *See, e.g., Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *1 (6th Cir. Dec. 29, 2009) (quoting 18 U.S.C. § 3621(b)). The Court recommends that the BOP afford Defendant every measure of beneficial assistance available to aid him in his transition back into the community, including the maximum feasible amount of halfway house placement. However, the Court views the BOP as being in a far superior position to determine the appropriate time and manner of community reentry in cases such as this one. Therefore, the Court **RECOMMENDS**

that Defendant's motion [Doc. 46] requesting a judicial recommendation for placement in a halfway house be **DENIED**.[1]

> Respectfully submitted,
>
> _____
> United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).